AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

**SEALED**

| | FILED |
|---|---|
| | **Aug 22, 2025** |
| | CLERK, U.S. DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

United States of America
v.

MANUEL RODRIGUEZ DIAZ,

)
)
)
)
)
)
)

Case No.    1:25-mj-00090  BAM

_____
*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of         July 10, 2025         in the county of         Madera         in the

____Eastern____    District of    ____California____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 U.S.C. §§ 841(a)(1), (b)(1)(A) | Possession with intent to distribute over 5 kilograms of cocaine |
| | Maximum Penalties: |
| | 10 yrs to life in prison, $10M fine, 5 yr to life supervised realease, $100 special fee |

This criminal complaint is based on these facts:

See Affidavit of Special Agent Robert Sobarzo, attached hereto and incorporated by reference.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Robert Sobarzo, DEA Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by email transmission and telephone.

Date:    ____8/22/25____

_____
*Judge's signature*

City and state:         Fresno, California

Hon. Barbara A. McAuliffe, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>MANUEL RODRIGUEZ DIAZ,<br><br>        Defendants. | CASE NO.<br><br><br>AFFIDAVIT OF DEA SPECIAL AGENT ROBERT SOBARZO |

I, Robert Sobarzo, being duly sworn, hereby depose and state as follows:

## I.    **INTRODUCTION**

1.    This affidavit is in support of a Complaint and arrest warrant for Manuel Rodriguez DIAZ charging him with a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), possession with intent to distribute 5 kilogram or more of a mixture or substance containing cocaine. The information set forth in this affidavit is not intended to detail each and every fact and circumstance of the investigation or all the information known to me and other law enforcement investigators. Rather, this affidavit serves only to establish probable cause for the arrest of DIAZ.

## II.    **AFFIANT'S BACKGROUND**

2.    I am a Special Agent (SA) of the United States Department of Justice, Drug Enforcement Administration (DEA). I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been employed as a Special Agent with the Drug Enforcement Administration (DEA) since December 2024 and am presently assigned to the Drug Enforcement Administration Resident Office in Fresno, California. I have successfully completed a sixteen (16) week DEA Basic Agent Training Academy at the Drug Enforcement Administration Academy in Quantico, Virginia. This training included instruction in the investigation of Federal drug violations, including, but not limited to Title 21, United States Code Sections 841 and 846.

I have discussed with numerous law enforcement officers, defendants, and informants, the methods and practices used by narcotics distributors.

3.    Based on this training and conversation with more senior law enforcement agents, I am familiar with narcotics traffickers' methods of operation including the distribution, storage, manufacturing, and transportation of narcotics and the collection of money proceeds of narcotics trafficking. I have participated in narcotics investigations either as a case agent or in a supporting role. I have debriefed defendants, informants, and witnesses who had personal knowledge regarding narcotics trafficking organizations. Additionally, I have participated in drug investigations including, but not limited to, undercover operations and conducting physical surveillance. I have conducted and been involved in investigations regarding the unlawful manufacture, possession, distribution, and transportation of controlled substances, as well as conspiracies associated with criminal narcotics, in violation of Title 21, United States Code, §§ 841(a)(1), 841(c)(2), 843, and 846 and the State of California Health and Safety Code.

4.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### III.    APPLICABLE LAW

5.    Title 21, United States Code, Section 841(a)(1) prohibits any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. 21 U.S.C. § 841(a)(1).

### IV.    PROBABLE CAUSE

6.    On July 10, 2025, at approximately 1:10 am, California Highway Patrol ("CHP") officer T. Rocha was patrolling in a fully marked CHP Canine vehicle (Canine partner: Hutch, KM21242) on California State Route 99 ("SR-99") in Madera County. Hutch is a dual-trained departmental canine who is imprinted with the detection of marijuana, cocaine, methamphetamine, heroine, and fentanyl. CHP officer R. Rocha was traveling northbound on SR-99 when he observed a Silver Nissan Altima bearing California License Plate No. 9NTX251 (hereinafter referred to as the "Nissan") traveling at a high rate of

speed. CHP officer T. Rocha estimated the vehicle to be traveling at 70 miles per hour ("MPH") in a posted 65 MPH zone. CHP officer T. Rocha activated his front radar and received a strong doppler tone and the display showed the Nissan was traveling at 70 MPH.

7.    CHP officer T. Rocha closed the distance with the Nissan, which immediately signaled, began to slow, and changed lanes from the number two lane to the number three lane. CHP officer T. Rocha observed the Nissan cross over a white fog line when changing lanes. CHP officer T. Rocha activated his patrol car's forward red light. The Nissan slowed and exited on Avenue 16 to finally stop at a Valero gas station located at 25353 Avenue 16 Madera, California.

8.    CHP officer T. Rocha approached the vehicle, advised the driver, later identified as Manuel Rodriguez DIAZ (hereafter referred to as "DIAZ"), of the reason for the stop. The officer instructed DIAZ to lower his windows and instantly noticed a strong odor of car freshener and laundry detergent coming from inside the car. The officer then instructed DIAZ to grab his vehicle registration and exit the vehicle. As DIAZ got out of the Nissan, he left the driver-side door open. CHP officer T. Rocha began to question DIAZ. CHP officer asked DIAZ if there was anything illegal in the vehicle and DIAZ said "no." CHP officer T. Rocha asked if he could search the vehicle and DIAZ said "no." The officer also asked DIAZ if the car and everything in it belonged to him, and DIAZ replied "yes." At this time CHP officer J. Chavez arrived on scene. CHP officer T. Rocha asked CHP officer J. Chavez to complete the citation for the speeding violation.

9.    CHP officer T. Rocha then retrieved his canine partner Hutch from his patrol vehicle. The officer walked Hutch around the exterior of the Nissan and to the open driver-side door. At the door, Hutch displayed behavior consistent with a positive alert at the Nissan's open drivers-side door's floorboard area. CHP officer T. Rocha began searching the vehicle and located a "void" under the driver-side floorboard. CHP officer T. Rocha also located a cardboard box in the trunk of the vehicle containing sixteen cellophane wrapped packages containing a substance that the officer, based on his training and experience, believed contained narcotics. See Figure 1.

///

///

///

*Figure 1: Bundles of cocaine in sixteen separate packages.*

 

10.    Officers tested the packages using the TruNarc Narcotics Analyzer and substance returned a presumptive positive result for cocaine. Officers later arrested DIAZ and transported the sixteen packages to the Rocklin Police Department evidence locker.

11.    On August 4, 2025, I took possession of the sixteen packages from TRIDENT Drug Enforcement Detective Chris Cooney at 250 commerce Avenue, Manteca CA. I transported all sixteen packages to the DEA evidence locker for safekeeping. On August 6, 2025, I weighed the bundles, and the total weight was approximately 27.65 kilograms. I also performed a presumptive drug test on two of the bundles using a PDT testing kit and the test returned a positive result for cocaine, a controlled substance. I then transported the substance to a DEA Laboratory for further testing on August 8, 2025.

///

///

///

///

///

///

///

///

///

///

///

## V.   CONCLUSION

12.   On the basis of the aforementioned facts and circumstances described in this Affidavit, it is my belief that there is probable cause to believe that DIAZ violated Title 21, United States Code Sections 841, Possession with Intent to Distribute a Controlled Substance.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Robert Sobarzo, Special Agent
Drug Enforcement Administration

This Affidavit was submitted to me by email/pdf and attested to me as true and accurate by telephone, consistent with Fed. R. Crim. P. 4.1, and 41(d)(3) on _____8/22/25_____.

Hon. Barbara A. McAuliffe
United States Magistrate Judge

Reviewed as to form:

/s/ Cody Chapple
CODY CHAPPLE
Assistant U.S. Attorney

AFFIDAVIT

5